UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
2012 JUN 28 P 3:24

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND
CA12- 4835

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DAVID A. ALVES          *
       Plaintiff    *
                        *
VS.                     *     CIVIL NO.
                        *
UNITED STATES POSTAL SERVICE *
and, JOHN KEHOE, in his individual *
capacity,               *
                        *
                        *
       Defendants   *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT.

### PARTIES AND JURISDICTION.

1.    This is an action for money damages to redress the deprivation by the defendant of rights secured to the plaintiff by the constitution and laws of the United States and the State of Massachusetts. The defendants, without probable cause, unlawfully detained, searched, harassed, interrogated, accused, arrested, charged and falsely testified against the plaintiff.

2.    Jurisdiction of this Court is invoked under the provisions of §§1331 and 1343(3) of Title 28 and 28 U.S.C. § 2671 et seq.

3.    During all times mentioned in this complaint the Plaintiff David A. Alves was and still is a resident of the United States residing in Taunton, Massachusetts.

4.    At all times mentioned herein, the defendant, John Kehoe, ("Kehoe") was and is a Postal Inspector of the United States Postal Service, ("Postal Service"), a quasi-governmental agency which provides various forms of mail services to the general public and employs well over 500,000 individuals throughout the nation and maintains offices throughout the State of Rhode Island and Commonwealth of Massachusetts.

5.    During all times mentioned in this complaint, Defendant John Kehoe was an agent,

servant and/or employee of the Defendant Postal Service and was acting within his official capacity and under color of law. Defendant Kehoe is sued in his official and individual capacity.

## COMMON FACTS

6. On or about January 13, 2011, the Defendant Kehoe submitted an application for a search warrant to United States Magistrate Judge David L. Martin of the United States District Court in Rhode Island seeking search a parcel addressed to "John Couture, 443 Weir Street, Taunton MA, 02780" as it was believed to conceal "controlled substance."

7. United States Magistrate Judge David L. Martin issued an order granting the warrant.

8. A search of said package revealed that it contained Marijuana, a Class D substance.

9. On or about January 13, 2011, the Trooper Paul Baker submitted an application for a warrant to be executed at "44 Weir Street, Taunton, MA" ordering the seizure and search of any person who accepts the above mentioned "package for 443 Weir Street, Taunton, containing Marijuana."

10. In said warrant, Trooper Baker did not mention that there was more than one unit in said property or that the property had more than one street address for said property.

11. Michelle Kelley, Assistant Clerk of the Massachusetts District Court for the County of Bristol in the City of Taunton issued a search and seizure warrant requested by Defendant Baker.

12. Said warrant did not authorize the search of the premises at night, the entry of the premises without authorization, or the search of any person to whom such property may have been delivered.

13. On or about January 13, 2011, Defendant Kehoe attempted delivery of said package at 443 Weir Street.

14. The United States Postal Service Employees knew that the house located at 443 Weir

Street had two different street addresses and numerous different addresses within the two different street addresses.

15. With an anticipatory warrant in hand, which expressly allowed the Defendant Kehoe to retrieve the package from "44 Weir Street," not "443 Weir Street," Defendant Kehoe attempted to execute said warrant at #2 of 2 Forest Street in Taunton.

16. When Defendant Kehoe knocked on the door of Unit #2 of 2 Forest Street and had no response Massachusetts, Defendant Kehoe knocked on the door of Unit #4 of 2 Forest Street.

17. When Defendant Kehoe knocked on the door of unit #4 of 2 Forest Street, Taunton, Massachusetts, the door was answered by the Plaintiff.

18. The Defendant Kehoe asked Plaintiff if he was expecting a package, which Plaintiff stated he was.

19. Defendant Kehoe then handed Plaintiff a blank US Postal Form No. 3849 for signature.

20. Plaintiff gave said Form to John Rodriquez, the occupant of the house, who signed said form and returned it to Defendant Kehoe.

21. Defendant Kehoe then delivered the package which was taken into Unit #4 of 2 Forest Street, Taunton, Massachusetts by Rodriquez and Kehoe.

22. At no time did Plaintiff touch said package or sign for said package.

23. Plaintiff did not live at Unit #4 of 2 Forest Street, Taunton, Massachusetts.

24. Defendant did not have Probable cause to arrest the Plaintiff in that the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were not sufficient to warrant a prudent person in believing that the Plaintiff had committed or was committing an offense.

25. The Plaintiff was placed under arrest and the Police seized from him two cellular

telephones and no other items.

26. The Plaintiff was charged with Possession with intent to Distribute a Class D substance in violation of Massachusetts General Laws ch 94C § 32C(a), Conspiracy to violated the Drug Laws in violation of Massachusetts General Laws ch 94C § 40, and Violating the Provisions of the Drug Laws at or near a Park or School in violation of Massachusetts General Laws ch. 94C § 32J.

27. From January 13, 2011 until April 13, 2011, the Plaintiff was imprisoned.

28. On April 13, 2011, the charges against the Plaintiff were dismissed.

29. On June 28, 2011, the plaintiff submitted Standard Form 95 to the United States Postal Service ("USPS") for exhaustion purposes pursuant to 28 U.S.C. § 2671 et seq. (Ex. A) The Defendant USPS did not respond to the demand.

30. By and through the actions of its servant Defendant Kehoe, and other Postal Inspectors All Correia, Cheryl Swyers, and Gene Marchese, who were present and assisted in the negligent delivery of the package to the wrong address, the unlawful arrest without probable cause and detention of the Plaintiff and his subsequent prosecution, the Defendant, United States Postal Service, deprived the plaintiff of his right to be free from negligence, false arrest, false imprisonment, abuse of process, and malicious prosecution.

31. Accordingly, the Plaintiff seeks redress under 28 U.S.C.§ 2401, et seq, the Federal Tort Claims Act ("FTCA").

COUNT TWO:

42 U.S.C. § 1983

32. The prior allegations in the complaint are hereby realleged and incorporated by reference as if set forth in full.

33. The Defendant violated 42 U.S.C. § 1983, acting under color of state law, by his individual and concerted acts and/or omission, including, but not limited to those described herein, by violating the Plaintiff's due process rights culminating in his false arrest and detention in violation of his Fourth Amendment Rights by:

   a. deliberately executing the authority provided for in a warrants at an address different than that authorized on the face of the warrant,

   b. by providing a blank US Postal Form No. 3849 to Plaintiff which did not identify the addressee of the package, so that it could be determined that the package in fact was not addressed to any of the occupants of #4 of 2Forest Street and in particular the one who signed for it, namely - John Rodriquez.

   c. by randomly knocking on the premises doors at said Weir Street and Forest Street in Taunton, Massachusetts, instead of attempting to deliver the package to the person who had the same last name as that of the person addressed to on the package.

   d. by engaging in other misleading and inappropriate behavior.

WHEREFORE, in light of all of the foregoing, the plaintiff claims judgment against the defendant and co-defendant jointly and severely as follows:

   A. For each violation of a right guaranteed to Plaintiff as set forth above, Plaintiff sues Defendant KEHOE for a sum not less than $75,000.00. Plaintiff sues United States Postal Service for a sum not less than $75,000.00 for it's actions and its express failure to prevent the acts complained of herein, and for acquiescing in the same

   B. As a direct result of the acts as described above, Plaintiff has suffered severe emotional distress and trauma, mental pain and suffering, and will continue

to suffer the same in the future.

C. Plaintiff sustained permanent damage to her reputation as a result of his wrongful arrest.

D. Plaintiff would show that the conduct in this matter by Defendants was so egregious, intentional, and wanton that punitive damages should be awarded by the trier of fact. Plaintiff also sues each of the individual Defendants for punitive damages.

E. Plaintiff demands an award of reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §1988.

F. Plaintiff seeks such other and further relief, general and special, legal and equitable, to which he may show himself to be justly entitled.

G. Plaintiff demands trial by jury.

H. Plaintiff requests costs of court.

I. Plaintiff requests prejudgment interest.

J. Plaintiff requests post-judgment interest

**WHEREFORE,** Plaintiff prays that Defendants answer this Complaint, and that this matter be placed upon the Court's civil jury docket, and that Plaintiff obtain all relief under the law to which he is entitled, including an award of compensatory and punitive damages, court costs, and attorney's fees.

Plaintiff,
David A. Alves
By his attorney,

_____
Sonja L. Deyoe, Esq. # 6301
Rappoport, DeGiovanni & Caslowitz, Inc.
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (fax)