UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| DAVID A. ALVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-12152-LTS |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| and JOHN KEHOE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS
AND PLAINTIFF'S MOTION TO CONSOLIDATE

May 31, 2013

SOROKIN, C.M.J.

Pending are the Plaintiff's Motion to Consolidate Cases (Docket # 12) and the

Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Amended

Complaint for lack of jurisdiction and for failure to state a claim upon which relief may be

granted (Docket # 18). For the following reasons, the Defendants' Motion is ALLOWED and

the Plaintiff's Motion is DENIED AS MOOT.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, David A. Alves, is a resident of Taunton, Massachusetts.  Docket # 2 at ¶

3.[1]  Defendant John Kehoe is a Postal Inspector employed by the Defendant United States Postal

---

[1]  In keeping with the standard of review applicable to motions brought pursuant to Fed.
R. Civ. P. 12, the factual allegations of the Amended Complaint are recited herein as if true.

Service.  Id. at ¶ 4.  On January 13, 2011, Kehoe sought and received a search warrant from the

United States District Court in Rhode Island relating to a package addressed to "John Couture,

443 Weir Street, Taunton, MA 02780," which Kehoe believed contained a controlled substance.

Id. at ¶¶ 7-8.  A subsequent search revealed that the package contained marijuana.  Id. at ¶ 9.

On the same day, Massachusetts State Trooper Paul Baker sought and received an arrest

and search warrant from the Massachusetts District Court in Bristol County for any person who

accepted the package described, supra.  Id. at ¶¶ 10, 12.  Baker's application referred to a

warrant to be executed at "44 Weir Street" (rather than 443 Weir Street), but also made reference

to a "package for 443 Weir Street."  Id. at ¶ 10.  In his warrant application, Baker did not address

the fact that the property in question has more than one unit and more than one street address.

Id. at ¶ 11.

The warrant issued by the state court commanded a search for the following property:

All controlled substances which have been manufactured, dispensed, distributed,
acquired, in violation of Chapter 94C, specifically Marijuana, a Class D substance, which
is packaged inside of a Postal Package bearing the tracking number of EG821302754US,
address [sic] to John Couture 443 Weir Street, Taunton, MA, and found to contain
Marijuana.  This will be anticipatory [sic] warrant with the triggering event being the
acceptance or acquisition of the package listed above.  The warrant will be for the
retrieval of the above mentioned package containing Marijuana.

The warrant authorized the search for the package addressed to 443 Weir Street at:

44 Weir Street, Taunton, MA.  A gray, two story, multi-unit building, with white trim and
a gray front door that faces Weir Street.  The driveway is to the left of the building when
facing the front door.  There is a 443 to the right side of the front door facing Weir Street.
Other officers involved in this investigation are familiar with the residence.

Finally, the warrant also identified the persons against whom the officers could serve the

warrant.  Specifically, it authorized the search at the noted Weir Street address and "on the

person or in the possession of:  Anyone who accepts the package for 443 Weir Street, Taunton,

2

containing Marijuana."  Docket #18-3 at 2.

Also on the same day, Kehoe attempted delivery of the package at 443 Weir Street.  <u>Id.</u> at

¶ 14.  Kehoe (or at least the United States Postal service generally) was aware that the building at

that address had numerous apartments located at two different street addresses.  <u>Id.</u> at ¶ 15.

Kehoe attempted to deliver the package at 2 Forest Street, Unit # 2 (located in the same building

as 443 Weir Street).  <u>Id.</u> at ¶ 16.

Receiving no response at Unit # 2, Kehoe knocked on the door of 2 Forest Street, Unit #

4.  <u>Id.</u> at ¶ 17.  Alves (who was not a resident) answered the door.  <u>Id.</u> at ¶¶ 18, 24.  Kehoe asked

Alves if he was expecting a package, and Alves said that he was.  <u>Id.</u> at ¶ 19.  Kehoe handed

Alves a blank US Postal Form 3849 for his signature.  <u>Id.</u> at ¶ 20.  Alves gave the form to John

Rodriguez, the occupant of Unit # 4, who signed the form and returned it to Kehoe.  <u>Id.</u> at ¶ 21.

<u>Id.</u>  Kehoe delivered the package, which Rodriguez and Kehoe took into the apartment.  <u>Id.</u> at ¶

22.  Alves did not touch the package.  <u>Id.</u> at ¶ 23. Shortly thereafter (and without ever touching

the package or signing for it), Alves was arrested.  <u>Id.</u> at ¶ 26.  Alves presented a somewhat

different set of allegations in his claim submission to the Postal Service.  There he alleged that

after Rodriguez "took physical possession of the package [it] was immediately retrieved from the

premises by the Massachusetts State Police."  Docket #18-2 at 3.

Alves was charged with possession with intent to distribute a Class D substance,

conspiracy to violate the drug laws and violating the provisions of the drug laws in a school

zone, all in violation of Massachusetts law.  <u>Id.</u> at ¶ 27.  Alves remained in custody between

January 13, 2011 and April 13, 2011, when the charges against him were dismissed.  <u>Id.</u> at ¶¶ 28-

29.

On June 28, 2012, Alves brought suit against the United States Postal Service and Kehoe in the United States District Court of Rhode Island.  Docket # 1.   On June 29, 2012, he amended his Complaint.  Docket # 2.  He brought claims pursuant to the Federal Tort Claims Act alleging that Kehoe negligently delivered the package to the wrong address, resulting in his arrest without probable cause and detention, false imprisonment, abuse of process and malicious prosecution. Id. at ¶ 31.   Alves also brought the same claims pursuant to 42 U.S.C. § 1983.  Id. at ¶ 34.

Also on June 29, 2012, Alves brought suit  against Massachusetts State Police Troopers Paul Baker and William Donnelly in the Commonwealth of Massachusetts's Bristol County Superior Court arising from the same nucleus of facts and pursuant to the Massachusetts Tort Claims Act and 42 U.S.C. § 1983.  Alves v. Baker et al., 12-cv-11308-LTS, Docket # 1-1.   On July 18, 2012, the State Police Defendants removed that action to this Court.  12-cv-11308-LTS, Docket # 1.

On November 19, 2012, the above-entitled action was transferred to this District.  Docket # 10.  On November 26, 2012, Alves moved to consolidate the above-entitled action with Alves v. Baker, et al., (i.e., the removed action he'd brought against the State Trooper Defendants). Docket # 12.  On December 21, 2012, Kehoe moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (as lacking subject matter jurisdiction) and 12(b)(6) (as failing to state a claim upon which relief may be granted).  Docket # 18.

II.     APPLICABLE STANDARD OF REVIEW

"Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362–363 (1st Cir.2001).  Federal courts are courts of limited jurisdiction, and for that reason, federal jurisdiction is never presumed.

Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir.1998).  The party asserting jurisdiction (here, Alves) has the burden of demonstrating the existence of federal jurisdiction.  Id.  A court should treat all well-pleaded facts as true and provide the Plaintiff the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir.2009). Dismissal is only appropriate when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction.  Id.   Where, as here, "there is some doubt about" subject matter jurisdiction, consideration of documents attached to the supporting memorandum is appropriate (see Docket #s 18-1, 18-2). Coyne v. Cronin, 386 F.3d 280, 286 (1st Cir.2004); Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir.2000) (when presented with Rule 12(b)(1) motion, court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st

Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal

quotation marks omitted). The tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.  Id.  The Court's assessment of the pleadings is "context-specific,"

requiring "the reviewing court to draw on its judicial experience and common sense."

Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief." Id.

III.    DISCUSSION

        Count One - Negligence Under the Federal Tort Claims Act [2]

         The United States, as sovereign, is immune from suit unless it has consented to be sued.

Skwira v. U.S., 344 F.3d 64, 72 (1st Cir.2003) (citing United States v. Mitchell, 445 U.S. 535,

538 (1980)).  Although the Federal Tort Claims Act (FTCA) expressly permits individuals to sue

the government "for injury or loss of property, or personal injury or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment" (28 U.S.C. § 1346(b)), the FTCA also carefully

circumscribes its waiver of the sovereign immunity by carving out many statutory exceptions to

---

[2]  The Amended Complaint contains a claim identified as "Count Two: 42 U.S.C. § 1983" (see Docket # 2 at ¶¶ 33-34), but it does not contain a separately-delineated Count One.  Context makes clear, however, that Alves intended to bring Count One for negligence under the FTCA as described supra, and the Parties have each briefed the motion as if that was the case.  See, Id. at ¶¶ 31-32.  The original Complaint contained the identical error.  Docket # 1.

the waiver.  Id.  These exceptions to the waiver of sovereign immunity include, "[a]ny claim

arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28

U.S.C. § 2680(b).  Thus, the United States is immune from suits alleging negligent delivery of

the mail.

When Kehoe delivered the package on January 13, 2011, he was not executing a state

search warrant.  The state warrant neither authorized nor commanded the delivery of the

package.  Rather, the delivery of the package was the responsibility of the United States Postal

Service. Kehoe discharged that duty on behalf of the Postal Service.  The state search warrant

authorized a search for the package after its delivery.  Thus, each of Alves's contentions

concerning the manner in which Kehoe delivered the package – i.e., that he went to the wrong

address, that he knocked on various doors, that he presented a blank US Postal Form 3849 –

concerns the delivery of the mail and not the execution of a search warrant.  That law

enforcement officers presumably coordinated their execution of the warrant with the delivery of

the mail in question does not alter the fact that Kehoe's actions were not themselves the

execution of the warrant, but rather the delivery of the mail.

Alves's describes his claim as one of negligent delivery, in his opposition to the motion

to dismiss.  See Docket # 22 at 8 ("The claim is that the Defendant Kehoe . . . *delivered the*

*package to a wrong address*) (emphasis added). Similarly, he asserted that "Kehoe knew, or

should have known[,] of the correct postal address for where he was delivering the package," in

his FTCA presentment.  Docket #18-2 at 3.

Because the Court concludes that Alves' claim against Kehoe concerns the negligent

delivery of the mail, the Court need not address Kehoe's alternative arguments that the

discretionary functions exception to the FTCA also applies to bar Alves's claim, or that the conduct described does not successfully state a claim for negligence, abuse of process, malicious prosecution or common law false arrest (each of which arises factually from Kehoe's delivery of the mail, and is barred for the reasons discussed, supra).[3]

Accordingly, the Court lacks subject matter jurisdiction over Count One of the Complaint, and that claim is hereby DISMISSED.

Count Two - Section 1983

In Count Two of the Complaint, Alves brings a claim pursuant to 42 U.S.C. § 1983 against the United States Postal Service and Kehoe (in both his individual and official capacities) for allegedly violating his Fourth Amendment rights.  Docket # 2 at ¶¶ 33-34.

There is no viable Section 1983 claim against either the United States Postal Service directly, or against Kehoe in his official capacity.  An official capacity suit is simply another way of pleading a claim against the governmental entity which employs the government official defendant.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985);  Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n. 55 (1978).  42 U.S.C. § 1983 provides a federal cause of action against persons who violate an individual's civil rights under color of state law.  42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States

---

[3]  This is not the case in which the Amended Complaint makes additional factual allegations against Kehoe (separate from the delivery of the mail) to support the false arrest, malicious prosecution and abuse of process claims.  Rather, Alves contends that Kehoe "knew or should have known that his actions would result in the deprivation of Plaintiff's civil liberty, freedom, and constitute a violation of 42 U.S.C. 1983 in addition to other federal and state laws." Docket #18-2 at 3.

or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress") (emphasis added).  Not every potential defendant, however, is a "person" within the meaning of Section 1983.  The United States Supreme Court applies a "longstanding interpretive presumption that 'person' does not include the sovereign."  Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 780 (2000).  See, e.g., Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1105-06, 1107 (D.C.Cir.2005) (holding that a federal agency is not a "person" subject to § 1983 liability).  The United States has not waived its sovereign immunity with respect to suits brought under the civil rights statutes, and such claims are barred by sovereign immunity.  See Davis v. United States Dep't of Justice, 204 F.3d 723, 726 (7th Cir.2000); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir.1999).  Accordingly, the Court lacks subject matter jurisdiction over Count Two to the extent directed against the Postal Service and Kehoe in his official capacity.

With respect to the claim against Kehoe in his individual capacity, Section 1983 claims (by the terms of the statute) concern the actions of state agencies or employees and do not apply to the United States or its agencies and employees such as Kehoe.  See District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973) (the actions of the Federal Government and its officers are at least facially exempt from proscriptions of Section 1983).  Alves correctly asserts in opposing Kehoe's motion to dismiss that a plaintiff may nevertheless bring a Section 1983 action against federal employees who conspire or act in concert with state officials to deprive a person of his civil rights under color of state law.  See Docket # 22 at 13 (citing McCloskey v. Mueller, 385

F.Supp.2d 74, 86-87 (D.Mass.Sept. 6, 2005) (Lindsay J.)).

The Amended Complaint, however, does not contain allegations sufficient to plausibly support such liability.  Judge Lindsay noted in McCloskey that such a plaintiff must show that "the federal officials acted or conspired to act under color of state law; it is not enough that they simply acted in concert with state officials to deprive plaintiff of a constitutional right." McCloskey, 385 F.Supp.2d at 87 (citing Krohn v. United States, 578 F.Supp. 1441, 1447-48 (D.Mass.Oct. 4, 1983) (Zobel, J.) (emphasis in original) reversed in part on other grounds, 742 F.2d 24 (1st Cir.1984)).  The only actions alleged to have been taken by Kehoe (i.e., obtaining a federal warrant, delivering the mail to the wrong address, providing a blank postal form) were taken in furtherance of his delivery of the mail.  There is no plausible allegation in the Amended Complaint that Kehoe conspired under state law with the state actors to deprive Alves of his rights under the U.S. Constitution.  Rather, in Count Two, Alves alleges a violation of his Fourth Amendment rights arising from Kehoe's delivery of the package, e.g., the manner in which he delivered it and the address to which he delivered it.  Neither of these actions were taken under color of state law nor do they support a claim of conspiracy to deprive Alves of his federal rights under color of state law.[4]

---

[4]  Earlier in the Complaint, Alves does allege that Kehoe "did not have Probable [sic] cause to arrest the Plaintiff." Docket #2 at ¶ 25.  The Amended Complaint, however, lacks any express allegation that Kehoe actually arrested or charged Alves.  See id. at ¶ 26.  The Application for Criminal Complaint was filed in state court by a Massachusetts State Trooper. Docket #18-2 at 5.  It does not contain Kehoe's name. There is also an allegation that the "unlawful arrest" and "subsequent prosecution" flowed from Kehoe's actions.  Id. at ¶ 31.  Even if these allegations support a reasonable inference that Kehoe assisted or participated in someway in the arrest and prosecution of Alves, these threadbare allegations do not plausibly state a claim either that Kehoe acted under color of state law to deprive Alves of his rights secured by the Fourth Amendment or that he conspired with state officials to do the same. Moreover, at the May 30 hearing on the motion, Alves's counsel conceded that Kehoe did not

Although the law on this point is unsettled, and although Alves contends that it is sufficient for purposes of alleging that Kehoe acted under the color of state law that he alleges concerted action by Keogh with state officials, Alves's Section 1983 claim against Kehoe would nevertheless fail for other reasons.  A claim under Section 1983 has two "essential elements": the defendant must have acted under color of state law, and the Defendant's conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law.  Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008).  The second element requires the plaintiff to show "that the [defendant's] conduct was the cause in fact of the alleged deprivation." Id.  Because Alves concedes (see n. 4, supra) that Kehoe did not arrest him, there is no liability for Kehoe under Section 1983.[5]

Accordingly, Count Two also does not state a claim to the extent it brings claims against Kehoe individually, and Count Two is DISMISSED.

IV.     CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket # 18) is ALLOWED.   The Amended Complaint is DISMISSED.  For that reason, the Plaintiff's Motion to Consolidate Cases (Docket # 12) is DENIED AS MOOT.


                              /s / Leo T. Sorokin
                              Leo T. Sorokin
                              Chief United States Magistrate Judge

---

arrest Alves.

[5]  Alves does not bring a claim in Count Two arising from the search itself, nor does he allege that Kehoe was the supervisor of the arresting officer(s).